# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

JAN 31 PM 1:30

DEPUTY CLERK CAK

Trenton Harris,

    Plaintiff,

v.

Health Insurance Innovations Inc.,
and Health Plan Intermediaries Holdings LLC.

    Defendants.

Civil Action No.: _____

3-19CV-244-S

For this Complaint, the Plaintiff, Trenton Harris, states as follows:

## JURISDICTION

1. This action arises out of the Defendants violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 §, et seq. (the "TCPA") by negligently, knowingly, and/or willfully by placing automated telephone calls with prerecorded messages to Plaintiff's cellular phone number 858-335-9276 without prior consent and even after Plaintiff opted-out of the Defendants calls and revoked consent, thereby violating the TCPA, and the invasions of the Plaintiff's personal privacy.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) & (c), because Plaintiff resides within the Northern District of Texas, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and the Defendants regularly transacts business in this District.

## PARTIES

1

3. The Plaintiff, Trenton Harris ("Plaintiff" or "Mr. Harris"), is an adult individual residing in Dallas, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Health Insurance Innovations Inc. ("HII"), is a Delaware corporation that is doing business in the State of Texas. The company headquarters is located at 15438 N FLORIDA AVE STE 201 TAMPA, FL 33613-1223. The Delaware registered agent is Corporation Service Company located at 251 Little Falls Drive, Wilmington, DE 19808.

5. Defendant, Health Plan Intermediaries Holdings LLC ("HPIH"), is a Delaware corporation that is also doing business in the State of Texas. The company headquarters is also located at 15438 N FLORIDA AVE STE 201 TAMPA, FL 33613-1223. The Texas registered agent is Corporation Service Company located at 211 E. 7th Street Suite 620 Austin, TX 78701.

## FACTS

6. Beginning in and around June, 2018, Plaintiff began to receive automated healthcare enrollment calls to his cell phone, 858-335-9276, with prerecorded messages from the Defendants.

7. Plaintiff had no prior business relationship with Defendants to provide any prior express consent for Defendants to call the Plaintiff's cellular telephone by use of an ATDS or prerecorded message.

8. When Plaintiff would answer the calls, he would hear a brief pause followed by a prerecorded message that would be played each time. One of the prerecorded messages was "Hi this is Jennifer, I am calling about the new affordable health insurance rates available in your area. I have pre-approvals ready including companies

2

like United, Blue Cross, Aetna, Cigna, and many more. If you would like a free quote press 1 to speak to an agent or press 2 to be placed on our do not call list."

9. Another prerecorded message had a brief pause followed by " Hi, this is Suzanne I'm calling to let you know that we have been granted a limited health enrollment period for a few weeks so you and your family can get a great insurance plan at the price you can afford and we make it easy sign up we have Pre-approvals ready in your area including Cigna Blue Cross United and many more press 1 to get a hassle free assessment Or press 2 to be placed on our DO NOT CALL list thanks for your time and be healthy and blessed."

10. Plaintiff would routinely press 2 to opt out of the Defendants calls.

11. Despite pressing 2 and choosing to opt out of the Defendants calls, Plaintiff is still receiving numerous heath enrollment calls to his cell phone nearly every day. There have been a minimum of 66 calls since June 2018.

12. Shortly after Plaintiff began receiving the automated healthcare calls, Plaintiff called one of the numbers back and spoke to a representative. Plaintiff told the representative he was receiving harassing unwanted calls and wanted to be placed on the do-not-call list. The representative laughed and hung up on the Plaintiff.

13. At all times mentioned herein, Defendants called the Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer").

14. As a direct result of the automated phone calls to Plaintiff's cell-phone, the Plaintiff suffered and continues to suffer from headaches, anger, emotional distress, frustration, personal injury, physical sickness and was totally annoyed by the Defendants intrusive conduct.

15.    Defendants unwanted phone calls have invaded Plaintiff's privacy by interrupting Plaintiffs activities while in his home.

16.    Plaintiff was also interrupted while on personal calls on his cell phone by Defendants automated phone calls.

17.    Further, Plaintiff's inability to get the automated phone calls with prerecorded messages to stop, despite telling the Defendants verbally on numerous occasions and by pressing 2 to opt out, have caused Plaintiff further frustration and emotional drain.

18.    The phone calls also caused Plaintiff tangible harm. Defendants phone calls caused Plaintiffs cell phone battery to deplete, resulting in Plaintiff recharging the battery more often and incurring unnecessary additional electricity charges.

19.    In specific, the Plaintiff documented the following illegal communications from the Defendants:

    a. 513-440-4480 on June 1, 2018 at 11:37 AM

    b. 513-440-4479 on June 1, 2018 at 12:44 PM

    c. 513-440-4479 on June 1, 2018 at 2:59 PM

    d. 513-440-4479 on June 4, 2018 at 11:09 AM

    e. 513-440-4479 on June 4, 2018 at 3:44 PM

    f. 513-440-4479 on June 4, 2018 at 5:24 PM

    g. 267-366-6274 on June 5, 2018 at 2:40 PM

    h. 267-366-6274 on June 5, 2018 at 5:58 PM

    i. 334-246-2496 on June 6, 2018 at 11:12 AM

    j. 386-204-0844 on June 6, 2018 at 12:30 PM

    k. 334-246-2496 on June 6, 2018 at 2:16 PM

l.  334-246-2496 on June 6, 2018 at 5:33 PM

m. 443-384-0140 on June 7, 2018 at 11:11 AM

n. 443-384-0140 on June 7, 2018 at 2:49 PM

o. 443-384-0186 on June 7, 2018 at 2:54 PM

p. 443-384-0140 on June 7, 2018 at 4:57 PM

q. 317-348-3070 on June 8, 2018 at 11:10 AM

r. 217-636-4421 on June 8, 2018 at 11:18 AM

s. 217-636-4421 on June 8, 2018 at 1:44 PM

t. 941-840-5230 on June 11, 2018 at 11:03 AM

u. 225-532-1203 on June 11, 2018 at 2:20 PM

v. 941-840-5230 on June 11, 2018 at 3:21 PM

w. 954-234-2448 on June 12, 2018 at 11:02 AM

x. 954-234-2448 on June 12, 2018 at 12:34 PM

y. 954-234-2448 on June 12, 2018 at 3:15 PM

z. 443-203-1055 on June 13, 2018 at 11:01 AM

aa. 443-203-1055 on June 13, 2018 at 1:35 PM

bb. 443-205-1055 on June 14, 2018 at 11:07 AM

cc. 443-205-1578 on June 14, 2018 at 3:26 PM

dd. 443-205-4323 on June 15, 2018 at 12:15 PM

ee. 443-205-4323 on June 15, 2018 at 3:38 PM

ff. 478-238-9853 on June 27, 2018 at 11:27 AM

gg. 478-238-9853 on June 27, 2018 at 1:20 PM

hh. 478-238-9853 on June 27, 2018 at 3:44 PM

ii. 508-465-5760 on June 28, 2018 at 11:02 AM

jj. 732-228-4139 on June 28, 2018 at 1:14 PM

kk. 256-867-1371 on August 24, 2018 at 11:12 AM

ll. 304-350-1865 on August 24, 2018 at 2:56 PM

mm. 319-382-0346 on August 27, 2018 at 1:55 PM

nn. 419-223-9341 August 28, 2018 at 1:26 PM

oo. 803-794-2184 on August 29, 2018 at 11:50 PM

pp. 201-204-5686 on September 10, 2018 at 11:11 AM

qq. 234-206-8892 on September 10, 2018 at 11:41 AM

rr. 234-206-8892 on September 10, 2018 at 11:42 AM

ss. 234-206-8892 on September 10, 2018 at 11:43 AM

tt. 234-206-8892 on September 10, 2018 at 11:44 AM

uu. 234-206-8892 on September 10, 2018 at 3:22 PM

vv. 201-215-0208 on September 28, 2018 at 11:05 AM

ww. 201-215-1016 on October 1, 2018 at 10:13 AM

xx. 201-215-1056 on October 1, 2018 at 1:56 PM

yy. 201-215-1518 on October 5, 2018 at 10:12 AM

zz. 201-215-1497 on October 5, 2018 at 10:54 AM

aaa. 201-215-1538 on October 5, 2018 at 3:42 PM

bbb. 201-215-1726 on October 8, 2018 at 10:55 AM

ccc. 201-215-1741 on October 8, 2018 at 1:40 PM

ddd. 520-341-1721 on October 23, 2018 at 11:12 AM

eee. 480-681-1479 on October 26, 2018 at 11:41 AM

fff. 210-944-4298 on November 20, 2018 at 12:03 PM

ggg. 803-709-8501 on November 26, 2018 at 7:50 PM

hhh. 309-571-1582 on November 30, 2018 at 11:10 AM

iii. 563-334-9840 on December 10, 2018 at 1:35 PM

jjj. 913-246-9850 on December 18, 2018 at 4:59 PM

kkk. 720-487-1886 on December 31, 2018 at 2:14 PM

lll. 720-487-1620 on January 2, 2019 at 4:13 PM

mmm. 860-271-0831 on January 9, 2019 at 11:12 AM

nnn. 224-765-4886 on January 11, 2019 at 2:54 PM

20. Plaintiff was called on his cell phone with automated phone calls that played prerecorded messages a minimum of 66 times from June 2018 through present. Plaintiff both opted out by pressing 2 and verbally requested that representatives cease calling his cell phone.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

21. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing practices.

22. The TCPA regulates the use of automated telephone dialing systems.

23. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A) to store or produce telephone numbers to be called, using random or sequential number generator; and

(B) to dial such numbers.

24. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for an emergency.

25. The courts and the Federal Communications Commission have interpreted the TCPA to include unwanted telephone calls within its prohibitions.

26. On July 10, 2015, the FCC issued FCC Order 15-72 where the FCC[1] stated that "a caller may not limit the manner in which revocation of prior express consent to call may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id.* at ¶ 30.

27. Further, consumers (the Plaintiff) may revoke consent through any reasonable means. *Id.* at ¶ 47.

28. Nothing in the language of the TCPA of its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id.* at ¶ 58.

29. Some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id.* at ¶ 61.

30. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id.* at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

---

[1] Declaratory Ruling and Order, Adopted June 18, 2015, and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

31. The Plaintiff received numerous unwanted automated telephone calls with prerecorded messages from the Defendants to his cell phone number 858-335-9276 without consent.

32. Plaintiff had no prior business relationship with the Defendants and never provided any prior express consent to be contacted on his cell phone.

33. Plaintiff received the first automated call with a brief pause followed by a prerecorded message from the Defendants on June 1, 2018 at 11:37 am.

34. Plaintiff opted out of all calls from the Defendants by pressing 2 when contacted on his cell phone.

35. Plaintiff continues to receive automated phone calls on his cell phone from the Defendants despite telling representatives on numerous occasions to put him on the do not call list and by opting out of the calls by pressing 2. Plaintiff has received a minimum of 66 calls from June 2018 to present.

36. It is believed that the Defendants employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

37. Defendants contacted Plaintiff on Plaintiff's cell phone number ending in "9276" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

38. Defendants continues to place automated phone calls with prerecorded messages to the Plaintiff's cellular phone without consent using an ATDS in violation of the TCPA numerous times thereafter.

39. The Plaintiff has suffered and continues to suffer from actual damages that include headaches, anger, emotional distress, frustration, personal injury, physical sickness, and total annoyance from Defendants intrusive conduct.

40. Defendants phone calls have invaded the Plaintiff's privacy.

41. Defendants ATDS have the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

42. The telephone number that Defendants used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

43. Defendants phone calls to Plaintiff's cellular telephone were not for "emergency purposes."

44. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that it had prior express consent to call Plaintiff's cell phone with an ATDS.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – (47 U.S.C. § 227, *et seq.*)

45. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

46. At all times mentioned herein and within the last year, the Defendants called the Plaintiff on his cellphone using an ATDS or predictive dialer without prior express consent.

47. Defendants telephone systems have all the earmarks of an ATDS. Each phone call from Defendants had a brief pause followed by a prerecorded messages from the

Defendants that include "Hi this is Jennifer, I am calling about the new affordable health insurance rates available in your area. I have pre-approvals ready including companies like United, Blue Cross, Aetna, Cigna, and many more. If you would like a free quote press 1 to speak to an agent or press 2 to be placed on our do not call list."

48. Upon information and belief, Defendants predictive dialers have the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

59. Plaintiff did not provide his consent to be contacted on his cell phone, and in fact instructed Defendants on multiple occasions to cease all phone calls to his cell-phone by telling representatives verbally and by pressing 2 to opt out of such calls.

50. Each of the aforementioned phone calls by the Defendants constitutes a violation of the TCPA.

51. As a result of Defendants violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each phone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendants in the future.

## COUNT II

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)**

53. Plaintiff repeats and reallages the above paragraphs of this Complaint and incorporates them herein by reference.

54. Defendants continued to place automated phone calls with prerecorded messages to Plaintiff's cell phone after being advised multiple times by Plaintiff to "cease". As such, each phone call placed to Plaintiff was made knowing and/or willful violation of the TCPA.

55. Each of the aforementioned phone calls by the Defendants constitutes a knowing and/or willful violation of the TCPA.

56. As a result of Defendants knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each phone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendants in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future.
2. Statutory damages of $500.00 for each and every phone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every phone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C)
4. Actual damages from the Defendants for all the damages including emotional distress, personal injury, and physical sickness.
5. Such other and further relief that the court deems appropriate.

Date: January 31, 2019.

Respectfully submitted,

*Trenton Harris*
Trenton Harris
8516 Westfield Drive
Dallas, Texas 75243
Phone: (858) 335-9276
Email: trenttharris@yahoo.com

RECEIVED
JAN 31 2019
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Trenton Harris

**DEFENDANTS** Health Insurance Innovations Inc. Health Plan Intermediaries Holdings LLC

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hillsborough
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*: Pro Se

Attorneys *(If Known)*: 3-19CV-244-S

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* — Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 47 USC 227
Brief description of cause: TCPA Violations

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 1/31/19
SIGNATURE OF ATTORNEY OF RECORD: Trent Harris Pro Se

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____